# Order

Michigan Supreme Court
Lansing, Michigan

October 24, 2008

136781 & (89)

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

MARK STEVEN UNGER,
     Defendant-Appellant.

_____/

SC: 136781
COA: 272591
Benzie CC: 05-001955-FC

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the motion for miscellaneous relief is GRANTED. The application for leave to appeal the March 20, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.

KELLY, J. (*dissenting*).

Defendant was convicted of first-degree murder after a highly publicized and sensational jury trial. The Court of Appeals affirmed the verdict,[1] but expressed displeasure at several instances of prosecutorial misconduct during the trial. This Court should consider this misconduct to determine whether defendant received a fair trial.

The Court of Appeals concluded that the prosecutor crossed the line between strong advocacy and prosecutorial misconduct when it

> suggested that defense counsel had "re-victimized" Florence Unger during the course of trial. A prosecutor may not appeal to the jury to sympathize with the victim. Nor may a prosecutor urge the jury to convict as a part of its civic duty or on the basis of its prejudices. The prosecution's comments were . . . improper.

\*\*\*

---

[1] *People v Unger*, 278 Mich App 210 (2008).

The prosecution also clearly exceeded the bounds of proper argument when it suggested (1) that defense counsel had attempted to "confuse the issue[s]" and "fool the jury" by way of "tortured questioning," "deliberately loaded questions," and "a deliberate attempt to mislead," (2) that defense counsel had attempted to . . . us[e] "red herrings" and "smoke and mirrors," and (3) that defense counsel had attempted "to deter [the jury] from seeing what the real issues are in this case."

\*\*\*

. . . Arguing that an expert witness had a financial motive to testify is one thing; arguing that the expert has intentionally misled the jury is quite another. . . . [I]n a case that turns largely on conflicting expert testimony, a prosecutor must take special steps to avoid misconduct designed to impugn the integrity of the defendant's experts. . . . We find that the challenged prosecutorial remarks unnecessarily and impermissibly impugned the integrity of Dr. Paul and that the prosecution committed misconduct in this respect.[2]

However, the Court of Appeals dismissed any notion that these improper arguments affected the jury's verdict by stating that the trial court's jury instructions cured the midsconduct.[3] The judge told the jury that the prosecutor's comments were not evidence.

In *People v Tyson*,[4] this Court held that a prosecutor must not improperly impugn the integrity of a defendant's experts, especially in a case that turns largely on conflicting expert testimony. Here, the prosecutor did not take special steps to avoid misconduct, and his comments threatened defendant's right to a fair trial. This is especially true because there was no direct evidence of defendant's guilt, and the prosecution relied heavily on circumstantial evidence.

As a consequence, the Court should grant leave to appeal to determine whether the prosecutorial misconduct denied defendant a fair trial.

---

[2] *Id*. at 237-240 (citations omitted).

[3] *Id*. at 234, 238, 240-241.

[4] *People v Tyson*, 423 Mich 357 (1985).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2008



Clerk

t1021